IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-10003-tmd |
| LONGHORN JUNCTION LAND | § | |
| AND CATTLE COMPANY, LLC | § | |
| | § | |
| Debtor-in-Possession | § | CHAPTER 11 |

## DEBTOR'S MOTION TO APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS

TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE:

Longhorn Junction Land and Cattle Co., LLC ("Longhorn" or the "Debtor"), hereby files this *Motion to Approve Sale of Real Property Free and Clear of Liens and Interests* (the "Motion"). In the Motion, the Debtor requests the entry of an order authorizing the sale of the interests of the bankruptcy estate in the real property per the Contract attached as Exhibit "A" attached hereto, to Shakeel Badapura or his assigns ("Badapura" or the "Buyer").

### A. BACKGROUND

1. The Court has jurisdiction over this Chapter 11 proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested in this Motion are Code §§ 105, 363, Bankruptcy Rule 6004, and Local Rule 6004. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On January 4, 2021, the Debtor filed its second[1] voluntary petition for relief under chapter 11 of the United States Bankruptcy Code and currently serves as Debtor-in-

---

[1] Debtor previously filed bankruptcy (19-10883) and this Court confirmed the plan on March , 2020

Possession.

3. Among the assets of the bankruptcy estate is the real property ("the Property") described on Exhibit A-1, the Contract between the Debtor and the Buyer, which is attached hereto ("the Contract") as amended by the Commercial Contract Amendment, Exhibit A-2.

4. The Debtor is proposing to sell the Property to the Buyer under the terms and for the consideration identified in the contract. The proposed purchase price is $1,580,000.

5. The proposed sale is to be made free and clear of all liens and interests, with any such to attach to the sale proceeds.

6. The Debtor is aware of the following liens and interests against the Property:

| Romspen Mortgage Limited Partnership | $23,607,977.28 (interest accruing at 5,121.79 per day after 10/21/2020) |
|---|---|
| Williamson County | $85,895.33 (interest accruing at 1% per month) |

7. Sale proceeds will be allocated pursuant to Texas law first to the Williamson County taxes due and accrued, any proration required at closing, which will be paid in full, 5% commissions to brokers, the U.S. Trustee's fee relating to the sale, and other reasonable and necessary closing costs ("Other Closing Costs"), with the net flowing to Romspen. Prior to closing, Debtor will provide Romspen a preliminary HUD closing statement and if Romspen objects to any Other Closing Costs on the preliminary HUD closing statement as being unreasonable or unnecessary, and the parties are unable to reach an agreement, Debtors will submit the dispute to the court for the determination of the reasonable and necessary Other Closing Costs.

8. The Debtor believes that the offer is the highest and best offer that will be received for the Property. The party has been exposed to the market for sixteen months. The contract is the result of extensive negotiations, and the price is comparable to the Debtor's appraised value. When Romspen made the loan to Debtors in July 2017, Romspen's Loan Agreement reflected that the loan did not exceed 65% of the value of its collateral based on its most recent appraisals. The property has appreciated in value and the Debtors believe that Romspen's debt is less than 50% of the value of its collateral, based on Debtors' June 17, 2019 appraisals, which are currently being updated.

9. Further, the sale increases the value of the remaining collateral subject to the Romspen debt. The Buyer is building an upscale convenience store. The Buyer, which is buying Tract 3 on the site map attached as Exhibit B, is required to move the electrical easement, loop the water and wastewater and rezone Tract 3 as well as the neighboring Tract 2, thereby increasing the value of that tract and the overall property of the Estate.

10. The proposed sale is not to any insider of the Debtor.

11. The Debtor has consulted with tax advisors regarding the transaction and there are no tax implications for the Debtor.

12. The Debtor requests authorization to execute any document necessary to effectuate the transaction.

13. The Debtor requests that the order approving the sale be made effective immediately upon its entry, notwithstanding the provisions of Bankruptcy Rule 6004(h).

B. ARGUMENTS, AUTHORITY, RELIEF REQUESTED

14. Although Bankruptcy Code § 363 does not set forth a standard for determining when it is appropriate for a Court to authorize the sale or disposition of a debtor's assets, Courts

have uniformly held that approval of a proposed sale of property under Bankruptcy Code § 363(b) is appropriate if the transaction is supported by the reasonable business judgment. See e.g. *ASARCO, Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011).

15. Under the business judgment test, the sale should be approved if it will benefit the estate, including "debtor, creditors and equity holders." *Id.* The Debtor's business judgment should be accepted unless the evidence shows that it is "clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (*quoting Allied Tech., Inc. v. R.B. Brunemann & Sons*, 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982))

16. When considering a decision made in the Debtor's business judgment, bankruptcy courts "should presume that that the Debtor acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *In re Pomona Valley Med. Grp., Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) (discussing the general concepts behind the business judgment rule while considering a debtor's motion to reject an executory contract). See also, *In re Lahijani,* 325 B.R. 282, 288-89 (B.A.P. 9th Cir. 2005) (With respect to a proposed sale under Section 363(b), "[o]rdinarily, the position of the Debtor is afforded deference, particularly where business judgment is entailed in the analysis . . . .").

17. In the instant case, the Debtor submits that his business decision to sell the Property is reasonable and prudent because the property has been amply marketed, the contract is the best offer that has been received, and the offer is in line with the appraised values and offers additional benefits to the Debtor, creditor, and other parties in interest because the buyer is looping water and wastewater as well as rezoning the adjacent Tract 2 property, thereby

increasing the value of the adjacent and surrounding properties.

18. The Debtor is also pursuing the sale of the Property under Bankruptcy Code § 363(f) free and clear of all liens and interests. Section 363(f) of the Code authorizes the trustee or debtor in possession to sell property of the estate free and clear of any interest in such property of an entity other than the estate if one or more of the specified conditions can be shown. The requisite conditions are that:

> a. the sale is permitted by nonbankruptcy law;
>
> b. the entity with an interest in the collateral consents to the sale;
>
> c. the interest in the property is a lien and the sale price is greater than aggregate value of all liens in the collateral;
>
> d. the interest is in bona fide dispute; or
>
> e. the entity with the interest could be compelled to accept money satisfaction.

19. The Debtor can make the sale free and clear of liens because Romspen is adequately protected by the overall value of the property (which doubles Romspen's debt), and therefore Section 363(f)(3) of the Bankruptcy Code permits the sale. *In re IO at Tech Ridge, LP*, No. 17-11540 (Bankr. W.D. Tex. Apr. 25, 2018), ECF No. 111; *In re Terrace Gardens Park Partnership*, 96 B.R. 707, 712-713 (Bankr. W.D.Tex. 1989) ("So long as a creditor's interest is adequately protected, the debtor is permitted to sell property of the estate.")

20. Notice of the Sale Motion will be provided to all creditors and interest parties entitled to receive such notice in accordance with Bankruptcy Rule 2002(a)(2), and Local Bankruptcy Rule 6004(1).

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the Sale Motion and such other and further relief as is appropriate under the circumstances.

DATED this 7th day of January, 2021.

    Respectfully submitted,

    Hayward PLLC

    /s/ Todd Headden
    Todd Headden (Bar No. 24096285)
    Ron Satija (Bar No. 24039158)
    901 Mopac Expressway South
    Building 1, Suite 300
    Austin, Texas 78746
    (737) 881-7104 (Direct/Fax)
    theadden@haywardfirm.com
    rsatija@haywardfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has notice of served the foregoing by CM/ECF or via U.S. Mail to the parties listed on the attached matrix on January 7, 2021.

        /s/ *Todd Headden*
        Todd Headden